[Cite as *State v. Butler*, 2026-Ohio-2560.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

JORDAN DANIEL BUTLER,

    DEFENDANT-APPELLANT.

CASE NO. 14-26-01

OPINION AND
JUDGMENT ENTRY

Appeal from Union County Common Pleas Court
Trial Court No. 24-CR-0046

Judgment Affirmed

Date of Decision:  July 6, 2026

APPEARANCES:

    *Alison Boggs* for Appellant

    *Andrew M. Bigler* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Jordan Daniel Butler ("Butler"), appeals the December 16, 2025 judgment entry of sentence of the Union County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} Stemming from conduct that occurred in October 2013, the Union County Grand Jury indicted Butler on March 8, 2024 on Count One of rape in violation of R.C. 2907.02(A)(1)(b), (B), a first-degree felony, and Count Two of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), (F), a fourth-degree felony. On May 2, 2024, Butler appeared for arraignment and pleaded not guilty to the indictment.

{¶3} On January 15, 2025, Butler withdrew his pleas of not guilty and entered a guilty plea, under a negotiated plea agreement, to Count One of the indictment. In exchange for his change of plea, the State agreed to dismiss Count Two. The trial court accepted Butler's guilty plea, found him guilty, and ordered a pre-sentence investigation.

{¶4} On April 2, 2025, the trial court sentenced Butler to a mandatory minimum term of 11 years to a maximum term of 16 years and 6 months in prison. The trial court ordered the sentence imposed in this case to run consecutively to the sentence imposed in a Champaign County case. The trial court also classified Butler as a Tier III sex offender.

{¶5} Butler appealed his sentence on May 2, 2025. On November 17, 2025, this court determined that the trial court erred by imposing an indefinite prison term because the rape offense was committed in 2013, prior to the enactment of the Reagan Tokes Law. *See State v. Butler*, 2025-Ohio-5176 (3d Dist.).

{¶6} Following remand for resentencing, the trial court sentenced Butler to 11 years in prison, ordered the sentence to run consecutively to the Champaign County case, and again classified Butler as a Tier III sex offender.

{¶7} Butler filed his notice of appeal on January 7, 2026. He raises one assignment of error for our review.

## Assignment of Error

**The Trial Court Erred When It Ordered The Sentence To Be Served Consecutive To A Sentence Appellant Is Already Serving, Creating A Sentence That Is Contrary To Law.**

{¶8} In his assignment of error, Butler argues that the trial court erred by ordering that he serve the sentence imposed in this case consecutively to the sentence imposed in another county. Specifically, he contends that his sentence is contrary to law because the trial court improperly fashioned his penalty around subsequent, unrelated convictions rather than the 2013 offense at issue.

*Standard of Review*

{¶9} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is

otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. When reviewing the imposition of consecutive sentences, "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶10} "Except as provided in . . . division (C) of section 2929.14, . . . a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides, in its relevant part, that

> the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶11}** R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 2012-Ohio-1892, ¶ 11 (3d Dist.); *State v. Peddicord*, 2013-Ohio-3398, ¶ 33 (3d Dist.). Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

**{¶12}** The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 2014-Ohio-4140, ¶ 50 (3d Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

-5-

{¶13} The requirement to make statutory findings under R.C. 2929.14(C)(4) applies equally whether the trial court is imposing consecutive sentences on multiple counts within a single case or ordering a sentence to be served consecutively to a prison term imposed in an entirely separate case. *See State v. Carner*, 2026-Ohio-1131, ¶ 13 (9th Dist.); *State v. James*, 2024-Ohio-4567, ¶ 52 (7th Dist.).

{¶14} In this case, the trial court made the three statutorily required findings before imposing consecutive sentences at the sentencing hearing and it incorporated those findings into its sentencing entry. *Accord State v. Johnson*, 2024-Ohio-5274, ¶ 17 (5th Dist.). *See also State v. Kunzer*, 2019-Ohio-1042, ¶ 24-25 (3d Dist.). Specifically, at Butler's sentencing hearing, the trial court determined that consecutive sentences were necessary to protect the public and to punish Butler, and that the sentences were not disproportionate to the seriousness of his conduct or the danger that he poses. Applying R.C. 2929.14(C)(4)(b), the trial court further found that Butler committed multiple offenses as part of a course of conduct—explicitly pointing to the separate offenses in Union and Champaign counties—and that the resulting harm was so great or unusual that a single prison term would not adequately reflect the seriousness of his conduct. Alternatively, pursuant to R.C. 2929.14(C)(4)(c), the trial court determined that Butler's criminal history demonstrated that consecutive sentences were necessary to protect the public from future crime. The trial court subsequently incorporated all of these findings into its sentencing entry.

{¶15} Despite the trial court's compliance with these statutory requirements, Butler argues that his consecutive sentences are contrary to law because the trial court's findings under both R.C. 2929.14(C)(4)(b) and (c) improperly relied on conduct that occurred after his October 2013 offense. In essence, Butler asserts that a trial court is strictly bound by the chronological timeline of events as they existed at the exact moment that the crime was committed, which would render his 2013 criminal history insufficient to justify consecutive sentences. However, because a trial court need only find one of the alternative factors under R.C. 2929.14(C)(4)(a)-(c) to impose consecutive sentences, this court need not address Butler's arguments regarding his "course of conduct" under R.C. 2929.14(C)(4)(b). *See State v. Robinson*, 2017-Ohio-2703, ¶ 12 (3d Dist.) (noting that the factors under R.C. 2929.14(C)(4)(a)-(c) operate as alternatives and a trial court need only find one to impose consecutive sentences).

{¶16} Consequently, the dispositive issue is whether the trial court possessed the legal authority to consider Butler's subsequent convictions when determining that his overall criminal history warranted consecutive sentences under R.C. 2929.14(C)(4)(c) in this case. We conclude that it could. Indeed, Ohio law requires a trial court to make the statutorily mandated consecutive-sentencing findings based on the record as it stands at the time of sentencing. *See State v. Hiles*, 2021-Ohio-1622, ¶ 25 (3d Dist.) (noting that "R.C. 2929.14(C)(4)(c) does not contain any temporal limitation prohibiting a trial court from considering an offender's history

of criminal conduct"). "Furthermore, 'it is settled law that a sentencing judge can take into account facts relating to other charges, even charges that have been dismissed or which resulted in an acquittal.'" *Id.* at ¶ 26, quoting *State v. Esmail*, 2014-Ohio-2297, ¶ 11 (7th Dist.). *See also State v. Steele*, 2017-Ohio-7605, ¶ 10 (8th Dist.) (addressing the *broad* scope of material that a sentencing court may take into consideration, including a defendant's complete criminal history and information addressed in the presentence investigation report). Therefore, since the Champaign County conviction was an established part of Butler's record when he stood before the trial court for resentencing in December 2025, the trial court properly considered it as part of his "history of criminal conduct" under R.C. 2929.14(C)(4)(c). *Compare State v. Feller*, 2012-Ohio-6016, ¶ 40-41 (1st Dist.) (holding that a trial court errs by ordering a sentence to run consecutively to a sentence that has not yet been imposed, illustrating that a court's consecutive-sentencing authority hinges on the sentences actively in existence at the time of the hearing).

{¶17} Accordingly, the record reflects that the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings in its sentencing entry. Based on our review of the record, we conclude that the trial court's findings are not clearly and convincingly unsupported by the record and that Butler's consecutive sentences are not contrary to law.

{¶18} Butler's assignment of error is overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI and WALDICK, J.J., concur.**

Case No. 14-26-01

# **<u>JUDGMENT ENTRY</u>**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

William R. Zimmerman, Judge

John R. Willamowski, Judge

Juergen A. Waldick, Judge

DATED:
/hls

-10-